Lininger *v.* Westinghouse Air Brake Company, Appellant.

*Negligence—Master and servant—Fellow-servant—Vice principal—Fixed machinery.*

In an action by an employee against his employer to recover damages for personal injuries, the plaintiff is entitled to recover where it appears that the accident was due to the negligence of a millwright in putting up some fixed machinery in the nature of shafting and a grinder. In such a case the millwright is a vice principal and not a fellow-workman of the plaintiff.

Argued Oct. 24, 1904. Appeal No. 72, Oct. T., 1904, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1902, No. 641, on verdict for plaintiff in case of Benjamin Lininger v. Westinghouse Air Brake Company. Before

MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the jury returned a verdict for $4,828 subject to question of law reserved.

On motion for judgment non obstante veredicto, FRA-ZER, P. J., filed the following opinion:

Plaintiff, an employee of defendant, brought this action to recover damages for injuries received while employed as an oiler at defendant's works at Wilmerding. On the morning of March 11, 1902, while in the discharge of his duties, plaintiff was injured by being caught between the main or line shafting and timbers used to support counter shafting. The counter shafting, not being properly bolted and fastened to the "I" beams which supported it, was drawn toward the main shafting by reason of the belting from some unknown cause becoming wrapped around the shafting which at the time was revolving at a rapid rate. Plaintiff had ascended his ladder, which was placed between the main and counter shafting, and was in the act of oiling the latter when the belting became entangled on the shafting, and by the moving toward the main shafting of the timbers used to support the counter shafting, was thrown against the main shafting and held between the two in a space of from ten to fourteen inches wide until released by other employees. The accident was the result of negligence upon the part of the millwright who put up the counter shafting, in failing to bolt the timbers to the "I" beams which supported them. The allegations of contributory negligence on the part of plaintiff were determined by the jury in his favor, and as no motion for a new trial was made by either party, we now have before us only the question of defendant's liability, which is raised by the question of law reserved, to wit: "Whether there is any evidence which entitles plaintiff to recover." Plaintiff's contention is that defendant failed to provide him with a reasonably safe place in which to work, and because of such failure is liable for his injury, while defendant's contention is that plaintiff's injury was the result of negligence upon the part of a fellow

workman and consequently it is not responsible for the accident. If the millwright was a fellow workman judgment must be entered for defendant. A determination of this question, it seems to us, depends upon whether or not the counter shafting and the grinder operated by it are fixed machinery, a permanent part of the plant of defendant company. If of a permanent nature, defendant was bound to see that they were reasonably safe, and would be responsible to those who use or work about them for any injury resulting from negligence in their construction. If the counter shafting and grinder attached to it were portable appliances, what are generally known as tools, defendant would not be responsible. The testimony shows the counter shafting and grinder operated by it were put in place about two years ago and have been used constantly since that time as then constructed, except that the grinder's location on the floor of the factory has been changed a few inches. It also appears from the testimony that the part of the factory in which the grinder was located had previously been used as a wareroom, that the materials stored therein had been removed and a number of grinders, including the one at which the accident to plaintiff happened, installed, and that the machines were " a part of the development of the works " and were put in· " for the purpose of increasing our capacity."

While there appears at first glance to be some conflict in our Supreme Court decisions in regard to the employer's liability for injuries received by an employee engaged in the course of his employment, it is clear : (*a*) that the employer must provide reasonably safe machinery, and (*b*) that the employee who constructs or puts up fixed appliances is not a coemployee of those who operate them. In support of these conclusions a reference to the following cases will be sufficient. In Lewis v. Seifert, 116 Pa. 628, it is said : " But there are some duties which the master owes to the servant and from which he cannot relieve himself except by performance. Thus, the master owes to every employee the duty of providing a reasonably safe place in which to work, and reasonably safe instruments, tools and machinery, with which to work. This is a direct, personal and absolute obligation ; and while the master may delegate these duties to an agent, such agent stands in the place of his

principal, and the latter is responsible for the acts of such agent."
In Canal & R. R. Co. v. Mason, 109 Pa. 296, which was an action to recover damages for the death of an engineer caused by
the explosion of the boiler of a locomotive which had recently
come from the repair shops of the company, where it had been
insufficiently repaired, in sustaining a verdict against the company the court said : " Nor are those agents who are charged
with the business of supplying the necessary machinery to
be regarded as fellow servants, but rather as charged with the
duty which the master owes to the servant, and the neglect of
such agent is to be regarded as the neglect of the master.   So
is the employer equally chargeable whether the failure is found
in the original tool or machine, or in a subsequent want of repair by which it becomes dangerous."   In the late case of Finnerty v. Burnham, 205 Pa. 305, in referring to the duty of employers to furnish, maintain and inspect, appliances and instrumentalities used by their employees, the court says the master's
duty does not end with furnishing reasonably safe appliances
and machinery, " the law imposes upon him the further obligation of using reasonable care to keep such place of work and
such instrumentalities in a reasonably safe condition and this,
of course, is to be accomplished by a proper and timely inspection for defects and the repair thereof.   In case of structural
defects knowledge thereof by the master will be inferred.   This
doctrine is no more than the application of the general rule that
it is the master's duty to exercise ordinary care in providing
tools, machinery and appliances that are reasonably safe."

In this case it seems clear to us that the counter shafting
and grinder operated by it were fixed machinery.   They were
put in place fully two years ago for the purpose of increasing the capacity of defendant's works and have been since
that time in constant use.    Both are of substantial and permanent erection and cannot be used at any other place except
by a tearing down and reconstruction.    Under these circumstances it was the duty of defendant to see that both the
shafting and grinder were reasonably safe as put up, by having
them properly inspected after the millwright had completed
his work.   This it failed to do.   On the contrary, after the
shafting had been put up and the grinder installed and the
millwright had notified the foreman of the department that

the machinery was ready for use, the foreman without either inspecting or examining the work, detailed a man to operate the machine and immediately put it in operation. The shafting and grinder being fixed machinery, it follows under the cases above referred to that the millwright who erected them was the agent of defendant in their erection and not a fellow-workman of plaintiff. Consequently, defendant is responsible for the millwright's negligence in failing to bolt the timbers to the " I " beam, and thereby make the shafting reasonably safe.

And now, January 5, 1904, judgment is entered on the verdict in favor of plaintiff, to which defendant excepts and at its instance bill sealed.

*Error assigned* was in entering judgment for plaintiff on the verdict.

*William S. Dalzell* of *Dalzell, Scott & Gordon*, for appellant, cited: National Tube Works Co. v. Bedell, 96 Pa. 175; Keystone Bridge Co. v. Newberry, 96 Pa. 246; Reading Iron Works v. Devine, 109 Pa. 246 ; R. R. Co. v. Hughes, 119 Pa. 301; Bemisch v. Roberts, 143 Pa. 1 ; N. Y. L. E. & W. R. R. Co. v. Bell, 112 Pa. 400 ; Prevost v. Citizens' Ice, etc., Co. 185 Pa. 617.

*Wm. B. Rodgers*, with him *W. E. Newlin*, for appellee, cited: Finnerty v. Burnham, 205 Pa. 305.

PER CURIAM, November 4, 1904 :
The judgment is affirmed on the opinion of the court below.